FONT *v.* ANDREU ET AL.

APPEAL from the District Court of Ponce.

No. 73.—Decided March 27, 1905.

SEPARATE PROPERTY OF THE WIFE—OBLIGATIONS OF THE CONJUGAL PARTNER-
SHIP.—The provisions of section 248 of the Code of Civil Procedure can not
affect the right of a party acquired by virtue of a judgment of execution de-
livered prior to the date on which the said code took effect, and by which an
attachment on the rents and profits of the wife's separate property as profits
of the conjugal partnership was declared valid and in force to answer for
obligations contracted by the conjugal partnership.
JUDGMENT—RES JUDICATA.—The provisions of a law can in no way affect the
decision contained in a judgment delivered prior to the date on which the
law took effect without violating the principle of the doctrine of *res judicata*.
ID.—EXECUTION OF JUDGMENT.—If because the procedure was not expressly out-
lined in the Code of Civil Procedure the lower court in rendering judgment
acted in accordance with the procedure set forth in articles 931 *et seq.,* of the
old Law of Civil Procedure when the latter procedure appeared to harmonize
with the spirit of the new code, it proceeded properly, in accordance with
section 36 of the new Code.

The facts are stated in the opinion.

*Mr. Falcón,* for appellants.

*Mr. López Landrón,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Setting aside everything which is not the subject-matter
of the appeal, we will state the facts in the case submitted to
the consideration of this Supreme Court.

Catalina Font y Pons brought execution proceedings
against Paulino Andreu in the District Court of San Juan,
alleging that by public instrument of July 27, 1895, the latter
received from the former 3,000 *pesos* in consideration of the
payment to her of an annual pension of 720 *pesos,* or 60 *pesos*
the last day of each month, the said obligee not having com-
plied with the obligation which he assumed. The suit having
been prosecuted in the usual form, judgment was rendered
on December 15, 1899, the adjudging portion of which pro-
vides as follows:

"We adjudge that we should order and we do order the execution issued to continue until the property attached shall have been sold, and with the proceeds of such sale payment shall be made to the execution creditor to the extent of the principal sum claimed, amounting to 1404 *pesos,* interest due and to become due, and costs incurred or to be incurred."

The attachment referred to in the adjudging portion above transcribed was levied on November 28, 1899, on an estate named "Machuchal," with a frame dwelling thereon, situated in Santurce, a *barrio* of this city, consisting of 200 *cuerdas* of land, and which, according to a statement of Roberto Pizarro, the latter had leased for the price of 20 *pesos* per month from Francisca García, the wife of Paulino Andreu, the execution debtor.

As Francisca García brought an action in intervention of ownership against the execution creditor and the execution debtor, it was finally decided that the execution proceedings brought by Catalina Font should continue against the fruits and products of the "Machuchal" estate which had already been attached, for which reason the judgment rendered in said action in intervention by the District Court of San Juan was affirmed, inasmuch as said judgment respected the bare ownership in favor of Francisca García. In compliance with this judgment the attachment on said estate was dissolved and on June 4, 1904, it was limited to the products and income derived therefrom in the period between November 28, 1898, the date of the attachment of the estate, and December 3, 1902, when the decree of divorce granted in the action for divorce brought by Francisca García against her husband Paulino Andreu became final.

With affairs in this state, counsel for Catalina Font y Pons filed a motion in the execution proceedings in the San Juan court for a reference to carry out the execution of the judgment rendered.

This motion is based on sections 205 and 209 of the Code of Civil Procedure in force, which reads as follows:

"Section 205. When the parties do not consent the court may, upon the application of either, or of its own motion, direct a reference in the following cases:

"1. When the trial of an issue of fact requires the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue or report upon any specific question of fact involved therein.

"2. When the taking of an account is necessary for the information of the court before judgment or for carrying a judgment or order into effect.

"3. When a question of fact, other than upon the pleadings, arises, upon motion or otherwise, in any stage of the action.

"4. When it is necessary for the information of the court in a special proceeding.

"Section 209. The referees must report their findings in writing to the court within twenty days after the testimony is closed, and the facts found and the conclusions of law must be separately stated therein."

This motion was argued in open court, counsel for Francisca García denying the right of Catalina Font, and contesting the reference sought, basing his contention on section 248 of the Code of Civil Procedure in force, which provides as follows:

"Section 248. All real or personal estate belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all the rents, issues and profits thereof, and all compensation due or owing for her personal services, is exempt from execution against her husband."

The judge delivered the following opinion:

"Opinion of the court.—Catalina Font y Pons, plaintiff, v. Paulino Andreu, defendant.—Counsel for the plaintiff has filed a motion in this court for the appointment of a referee with respect to the execution of the judgment in this case. This is a case which was

prosecuted in the District Court of San Juan and in which judgment was rendered. There are two other matters also prosecuted in the District Court of San Juan which bear a close relation to this question, namely, the complaint in intervention of ownership brought by Francisca García y Macías against Catalina Font y Pons and Paulino Andreu Morales, and the action for divorce brought by Francisca García y Macías against her husband, Paulino Andreu y Morales. In the matter of the complaint in intervention the district court rendered judgment holding that the bare ownership of the estate which had been attached in the execution proceedings in which the motion to which we refer is made, vested exclusively in Francisca García y Macías, but dismissing the complaint in intervention as to the products and income derived from said estate, which products and income were to be considered as community property. An appeal in cassation was taken from this judgment to the Supreme Court, which was decided on April 12, 1904, the decision rendered containing the following judgment: 'That we should affirm and do affirm the judgment rendered on November 14, 1902, by the District Court of San Juan, with the costs against the appellant, Francisca García y Macías, without prejudice to the rights which she may have by virtue of the judgment rendered in the action for divorce brought against her husband, Paulino Andreu, and let the record of the proceedings in intervention and of the action for divorce, introduced in this case in furtherance of justice, be sent to the District Court of San Juan, together with a certified copy of this judgment.' The judgments rendered in the action of intervention of ownership were brought to the record of the main action; that is to say, the one brought by Catalina Font against Paulino Andreu, for the recovery of a sum of money, which is the action in which this motion was filed, and on the petition of the plaintiff the District Court of San Juan made an order on June 17, 1904, dissolving the attachment levied on the 'Machuchal' estate, and leaving it in force as to the products and income from said estate derived from the date of said attachment, November 28, 1899, to the date when the decree of divorce became final in the action for divorce brought by said Francisca against her husband, Paulino Andreu. These are the facts which we have believed it advisable to establish in order to decide the question now presented, which, in our opinion, embodies two points: First, whether Catalina Font should be recognized to have any rights, and the manner of enforcing such rights; and, second, whether or not a referee should be appointed to decide the question of fact and submit his findings to the court. The motion thus presented has been duly

argued in open court by counsel for the parties in interest. Counsel
for Francisca García objected not only to the appointment of a referee,
but also to the recognition of any right in the plaintiff. In support
of the latter point he cited the provisions of section 248 of the Code of
Civil Procedure, which exempts from execution all real and personal
property belonging to any married woman at the time of her mar-
riage or to which she subsequently becomes entitled in her own right,
and all the rents, issues and profits thereof. The provisions of this
article are indeed final. Confining ourselves thereto, we could not
direct that a writ of execution against the husband should be issued
not only against property of the wife, but against its products.

"But this is so at the present time; that is to say, it has been so
since July 1, 1904, when the new Code of Civil Procedure went into
effect. In this case we must decide the question in accordance with the
substantive law in force at the time the proceedings to which we have
made reference were prosecuted and decided, for which reason we must
accept as valid and effective the judgment rendered in this action, as it
was by virtue of the judgments rendered in the other proceedings men-
tioned; that is to say, in the matter of the complaint in intervention
and in the divorce the exact status of which is perfectly determined in
the order of the District Court of San Juan of June 4, 1904. We
therefore believe that the judgment could have been enforced against
the products and income from the Estate of Francisca García obtained
during the time which elapsed from November 28, 1898, to the date
on which the decree of divorce became final; that is to say, during
the time such products partook of the character of community prop-
erty. Therefore, we must decide the first question in the sense that
it is impossible to fail to recognize the right of Catalina Font y Pons
in this action by virtue of the judgment rendered therein, in relation
with the judgments rendered in the proceedings in intervention and
divorce, which we have mentioned several times. Now, then, in enter-
ing upon the decision of the second question, should a referee be ap-
pointed to decide this case? Is such appointment authorized by the
law? After a cursory examination of the provisions of the Code on
the subject, we believe that this case is not comprised therein; and,
furthermore, being a case which has its origin under the former legis-
lation, and one in which three judgments are involved, in which the
party opposing the one praying for the appointment of a referee has
objected to such appointment, the court deciding the question either
in accordance with the law or in its own discretion, we do not believe
that the question should be submitted to a referee. It appears to us

that the proper method of procedure in this case would be for Francisca García y Macías to present a liquidation of the products and income obtained from the estate in question during the period of time hereinbefore indicated, when the adverse party may object to such liquidation, in which event evidence might be heard in the matter before this court and the proper judgment rendered.  San Juan, October 7, 1904.  Read in open court this 7th day of October, 1904.''

Francisca García Macías moved for a reconsideration of the foregoing decision and to vacate the same, but the judge denied the motion, and then ordered that the liquidation mentioned in the foregoing judgment should be presented by Francisca García within a period of ten days.

An appeal was taken by counsel for Francisca García, and both parties appeared before the Supreme Court.  Attorney Ramón Falcón, on behalf of the appellant, maintained in his brief and at the hearing that the decision of the district court should be reversed with costs, and that it be held that his client Francisca García is not bound to make the liquidation ordered, and, therefore, to answer with the product of her estate for the collection of a debt against her husband, inasmuch as the said products and income were not attached in due time, and at present such an attachment is prohibited by section 248 of the Code of Civil Procedure above quoted.

Attorney Rafael López Landrón, on behalf of the respondent, Catalina Font, in his brief and argument contested the claim of his opponent on the ground that the final judgment whose execution is involved and the right of attachment acquired thereunder, are prior to the new law of procedure, and were won legitimately under the protection of the law formerly in force, and this state of right previously acquired cannot be taken away under the pretext of a change in legal procedure, especially when such right was declared to exist in the proceedings in intervention which were prosecuted with the citation and hearing of Francisca García Macías, concluding

his argument with the statement that the appeal is frivolous and should be dismissed with costs.

This in brief is the question submitted to the consideration of the Supreme Court.

As has been seen, it was held in the action in intervention of ownership prosecuted by Francisca García, that she was held to be entitled to the bare ownership of the estate attached in the execution proceedings prosecuted against her husband Paulino Andreu, but it was also held that the products and income should answer for the debt claimed.

These declarations are sanctioned by sections 1385, first paragraph, and subdivision 30 of section 1401 of the former Civil Code, which provides as follows:

"Section 1385. The fruits of paraphernal property form part of the assets of the conjugal partnership and are subject to the satisfaction of the debts of marriage."

"Section 1401. The following are community property:

＊          ＊          ＊          ＊          ＊          ＊          ＊

"30. The fruits, rents and interest collected or falling due during the marriage, proceeding from the common property or from the private property of each of the spouses."

It was in view of these provisions that the attachment was limited to the products of the estate attached.

Now, then, in view of the foregoing facts can section 248 of the Code of Civil Procedure, an adjective law which went into effect on July 1, 1904, which absolutely prohibits orders of execution upon the rents, issues and profits of an estate of a married woman when debts contracted by her husband are involved, be applied at this time?

It is impossible to thus trample under foot a right acquired under the protection of a former law of a substantive character such as the Civil Code, which was applied after full argument in the proceedings in which the same woman who now objects that it was not applied was a party.

The question here is the execution of a final judgment.

"A judgment, as all commentators state, forms between the parties litigant a kind of contract, and for this reason an action *judicati* or *res judicata,* that is to say, the action which the law grants to a person who has obtained a judgment in his favor, to enforce such judgment, is always personal whether the action in which it originates is of the same character or purely real. This principle rests on the assumption that persons entering into litigation in a court submit to its decision reserving, however, all the legal remedies which the law grants whereby to obtain its amendment. Hence, the reasons which put contracts beyond the scope of subsequent laws, militate likewise against the annulment of a judgment under the pretext that it does not conform to a subsequent law which establishes new rules. No, the rights which we have already acquired at the time of the publication of a new law in the matter to which it refers, are in the main independent of the new rules which it may establish, because from this point of view they belong to the past."

If this be so, and the judgment and the attachment being prior to the law of procedure in force, it is indisputable that Catalina Font has an acquired right to recover from the rents and products of the Estate of Francisca García, as held in the judgment rendered against her after all the remedies granted her by law had been exhausted.

It is a consummated fact against which we cannot go without violating the sanctity of the doctrine of *res judicata,* and it would undoubtedly be violated if we were now to apply a subsequent law of an adjective character as is section 248 of the modern Code of Civil Procedure, which absolutely annuls the substantive law declared by a final judgment.

It appears that the judge of the San Juan court in ordering a liquidation of the rents, based his action on sections 931 *et seq.* of the former Law of Civil Procedure, for the execution of the judgment although he does not cite it.

This decision appears to us to be discreet, because it places the parties upon a perfect and equal footing to discuss the scope and form in the interval which is specifically fixed in the opinion of the judge.

Section 36 of the modern Code of Civil Procedure reads as follows:

"Section 36. When jurisdiction is, by this Code or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Thus it is seen that for this case we have a method of procedure pointed out in another law, sections 931 *et seq.* of the former Law of Procedure, and even though this were not so, it would always be necessary to acknowledge that the method adopted by the judge is an adequate procedure which appears to be in harmony with the spirit of the new Code of Civil Procedure.

Taking this view and for the reasons above set forth we believe that we should affirm the judgment of the District Court of San Juan of October 7, 1904, with costs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Wolf did not sit at the hearing of this case.